IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOUNTAIN LAUREL ASSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) No. 3-05-0150
 ) Judge: Haynes
CYNTHIA A. MCBRIDE, ROBERT ) Magistrate Judge: Griffin
L. MCBRIDE, JEREMIAH Q. )
MCBRIDE, IRVING WARNER, )
deceased, b/n/f CHARLOTTE WARNER )
and CHARLOTTE WARNER, )
individually and USAUTO INSURANCE )
COMPANY, INC., )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Mountain Laurel Assurance Company, filed this action for declaratory judgment under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act, against the Defendants, Cynthia A. McBride, Robert L. McBride, Jeremiah Q. McBride, Irving Warner, deceaced, b/n/f Charlotte Warner and Charlotte Warner, individually and USAuto Insurance Company, Inc. On May 5, 2005, Plaintiff, Mountain Laurel Assurance Company, filed its First Amended Complaint. (Docket Entry No. 10).

Before the Court is the Defendants' Motion to Dismiss, filed May 20, 2005, contending that the Plaintiff's claim does not state a cause of action for which relief can be granted.[1] (Docket Entry No. 11). Plaintiff filed an amended Complaint on May 5, 2005. (Docket Entry No. 10).

---

[1] Defendants' Motion to Dismiss was improperly filed with the Answer. In the Court's view, motions should be filed separate. See Fed. R. Civ. P. 7(b)(1).

## A. Review of the Amended Complaint

In its amended Complaint, Plaintiff, Mountain Laurel Assurance Company, asserts that Defendant, Cynthia A. McBride, applied for a Motor Vehicle Insurance Policy in December of 2003 via an online application (Docket Entry No. 10, First Amended Complaint at ¶ 9). That policy had an effective date of June 12, 2004, with an expiration date of December 12, 2004 (Id. at ¶ 3). Also listed on that policy were Defendants, Robert L. McBride and Jonathan L. McBride (Id. at ¶ 4). On or about October 31, 2004, Defendant, Jeremiah Q. McBride, who was not listed on the policy, was involved in an accident while driving a vehicle insured on that policy (Id. at ¶¶ 4,6,10). Plaintiff alleges that Cynthia McBride did not disclose her son, Jeremiah Q. McBride, as a household resident and potential driver of the insured vehicle as required by a "window prompt" during the online application process (Id. at ¶ 9,10). Plaintiff further asserts that Cynthia McBride's failure to disclose Jeremiah McBride constituted a material misrepresentation of fact in the application which increased the risk of loss to the Plaintiff and serves to void the policy (Id. at ¶ 13).

In their Motion to Dismiss, Defendants assert that Cynthia McBride answered all questions asked of her during the application process truthfully, including the questions of whether Jeremiah McBride was a member of Cynthia McBride's household at the time of the application, and whether Jeremiah McBride was a potential operator of the insured vehicle at the time of the application (Docket Entry No. 11, Defendants' Answer to First Amended Complaint at ¶ 9). Defendants also assert that if Cynthia McBride did fail to disclose Jeremiah McBride on the application it was because (1) Cynthia McBride knew Jeremiah McBride already had insurance with the Plaintiff; (2) Jeremiah McBride was over twenty years of age and

emancipated; (3) the "Internet prompt" did not appear on the screen regarding household residents and potential drivers due to a "pop up blocker" on the Defendants' computer; and/or (4) the question regarding household residents and potential drivers was not otherwise asked (Id. at ¶ 14). Furthermore, Defendants assert that any statements by Cynthia McBride were to Progressive Insurance Company, and that she never understood that her statements were to the Plaintiff (Id. at ¶ 9, and pg. 4, no. 1).

## B. Conclusions of Law

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993). Consideration of a motion to dismiss requires the court to accept the complaint's factual allegations as true and to construe the complaint liberally in favor of the plaintiff. Perry v. Am Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)(internal quotation omitted). Moreover, "it is not... proper to assume that the [Plaintiff] can prove facts that it has not alleged or that the defendants have violated the... laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)(quoting Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

3

For a majority of civil actions, the complaint is sufficient if it satisfies the "notice" pleading requirements of the Federal Rules of Civil Procedure with a "short and plain statement of the claim showing the pleader is entitled to relief," because generally "[n]o techincal forms of pleadings or motions are required." Fed. R. Civ. P. 8(a)(2), (e)(1). The complaint "does not have to set out in detail the facts on which the claim for relief is based, but must provide a statement sufficient to put the opposing party on notice of the claim." 2Moore's Federal Practice § 8.04[1](Matthew Bender 3d ed.). Moreover, "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Performance Contracting, Inc. v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998).

The Court concludes that the parties allege factual matters that cannot be resolved on the pleadings. For that reason, the motion to dismiss will be denied without prejudice to renew after the parties have completed discovery.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of August, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge